IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

BRIDGETTE A. TURNER,
ADC #706745                                                                                       PLAINTIFF

v.                                           1:06CV00021HLJ

LINDA DIXON, et al.                                                                        DEFENDANTS

MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss (DE #23). Plaintiff has filed a response in opposition to the motion (DE #40).

Plaintiff is a state inmate incarcerated at the Hawkins Women's Unit of the Arkansas Department of Correction (ADC). She filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging due process violations as a result of a disciplinary conviction she received while housed at the McPherson Unit in January, 2006. Specifically, plaintiff alleges that defendants Loftis and Dixon issued a false disciplinary charge against her and defendant Cargill refused to give plaintiff a polygraph test, all of which resulted in a disciplinary conviction and loss of good time.

In support of their motion, defendants state that plaintiff's complaint against them should be dismissed because the same allegations against the same defendants were raised in a previous case, and because those allegations and defendants were dismissed with prejudice for failure to state a claim. See Turner v. Capel, et al., 1:06cv00019WRW/JTR. Defendants also state that plaintiff failed to exhaust her administrative remedies with respect to her allegations against them. Finally, defendants state that plaintiff's allegations should be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), and Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996).

In her response, plaintiff re-states the allegations set forth against defendants in her

1

complaint.

Pursuant to the principle of res judicata, the Court finds that plaintiff's allegations should be dismissed, with prejudice. "A final judgment on the merits bars further claims by the parties or their privies based on the same cause of action." United States v. Gurley, 43 F.3d 1188, 1195 (8th Cir. 1994), quoting Montana v. United States, 440 U.S. 147, 153 (1979).  The exact same allegations raised against defendants Dixon, Loftis, and Cargill were dismissed by the Court in Turner v. Capel by Order dated August 28, 2006 (DE #24).  Furthermore, plaintiff's allegations are barred by Heck v. Humphrey, supra, in that no damages claim lies if a judgment in favor of the prisoner would necessarily imply the invalidity of her conviction or continued imprisonment of sentence. Plaintiff's complaint centers on an allegedly false disciplinary charge and conviction which resulted in a loss of good time.  Therefore, the Court finds that plaintiff's complaint should be dismissed, with prejudice, and that this dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).  Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion to dismiss (DE #23) is hereby GRANTED, and plaintiff's complaint against defendants is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 21st day of December, 2006.

*Henry L. Jones, Jr.*
United States Magistrate Judge